IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 09 1998

Michael N. Milby, Clerk of Court

| | |
|---|---|
| GILBERTO M. RODRIGUEZ, INDIVIDUALLY AND ON BEHALF OF HIS MINOR DAUGHTER, MEGAN SUZANNE RODRIGUEZ, AND STEPHEN L. WILLIAMS AND WIFE, ROBYN S. WILLIAMS, SURVIVING BENEFICIARIES OF THE DECEASED § § § § § § § § V. § § CITY OF HARLINGEN, TEXAS § § AND § § R.D. MOORE AND § JIM SHEOPNER § | CIVIL ACTION NO. **B - 98 - 163** |

## COMPLAINT

Come now Plaintiffs who for their complaint state as follows:

### I.

### Preliminary Statement

1.  Plaintiffs Gilberto M. Rodriguez, Individually and on behalf of his minor daughter, Megan Suzanne Rodriguez, are United States Citizens and are the surviving spouse and daughter of Susan Lynn Rodriguez.  Plaintiffs Stephen L. Williams and Robyn S. Williams are United States Citizens and are the surviving natural parents of Susan Lynn Rodriguez who was subjected to deadly use of force in violation of rights guaranteed to her by the Fourth Amendment to the United States Constitution, commence this action pursuant to 42 U.S.C. §1983 which provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation, under color of state law, of any rights, privileges, or immunities secured by the Constitution and laws.

2. Plaintiffs seek compensatory damages and a reasonable attorney's fee as authorized by 42 U.S.C§1988.

## II.
## Jurisdiction

3. Jurisdiction over plaintiffs' constitutional claims for which redress is provided by 42 U.S.C.§1983 and 42 U.S.C.§1988 which are conferred on this Court by 28 U.S.C.§1343(a)(3). Federal question jurisdiction is conferred on this Court by 28 U.S.C.§1331 because this action arises under the Constitution and laws of the United States.

## III.
## Parties

### Plaintiffs

4. Plaintiffs Gilberto M. Rodriguez, Individually and on behalf of his minor daughter Megan Suzanne Rodriguez were citizens of the United States and residents of Cameron County, Texas at the time of the incident in question. Plaintiffs Gilberto M. Rodriguez, and his minor daughter Megan Suzanne Rodriguez are now residents of Travis County, Texas. Plaintiffs Stephen L. Williams and Wife, Robyn S. Williams are and were at all times relevant hereto citizens of the United States and residents of Philadelphia, Tennessee. Plaintiffs' deceased spouse, mother and daughter Susan Lynn Rodriguez was a resident of Cameron County, Texas on July 7, 1998, the date of the shooting resulting in her death.

### Defendants

5. Defendant City of Harlingen, Texas, is a municipality located within the boundaries of the Brownsville Division of the Southern District of Texas. It is Defendant, City of Harlingen's responsibility and duty to promulgate and implement policies and procedures regarding deadly weapons disposal, storage and security to prevent their unlawful use

\

against citizens. It is the responsibility of the Defendant City of Harlingen, Texas to hire, fire, discipline, train, and supervise Defendant, City of Harlingen, Texas Police Department Officers.

6. Defendant Police Officer R.D. Moore is and was at all times relevant hereto a resident of Cameron County, Texas and was at all times relevant hereto a Police Officer employed by Defendant, City of Harlingen, Texas. It is Defendant Moore's responsibility and duty not to improperly possess deadly weapons and to properly secure deadly weapons to prevent their unlawful use against citizens. It is also Defendant Moore's responsibility and duty to comply with minimum constitutional requirements and to comply with the actual policies, procedures, practices and customs of Defendant, City of Harlingen, Texas.

It is Defendant Moore's responsibility and duty to immediately cooperate and assist other police agencies and not to assist the escape of a suspect.

7. Defendant Police Chief Jim Sheopner is and was at all times relevant hereto a Police Chief employed by the City of Harlingen, Texas. It is Defendant Police Chief Sheopner's responsibility and duty to insure that all deadly weapons owned or turned into the Harlingen Police Department are properly stored and secured in the custody of the Harlingen Police Department. It is also Defendant Sheopner's responsibility and duty to comply with minimum constitutional requirements and to comply with actual policies, procedures, practices and customs of Defendant, City of Harlingen, Texas.

## IV.
## Facts

### Background

8. Plaintiffs Gilberto M. Rodriguez and Megan Suzanne Rodriguez, are the surviving beneficiaries of Susan Lynn Rodriguez, now deceased, who was Gilberto's wife and Megan's mother.

\

Plaintiffs Stephen L. Williams and Wife, Robyn S. Williams are the natural parents and survivors of Susan Lynn Rodriguez, now deceased, who was their adult, married daughter who left one child. Susan Lynn was 28 years old, a college graduate and had worked for the Border Patrol for six years (6) at the time of her death.

9. Susan Lynn Rodriguez, deceased, was employed and on duty as a United States Border Patrol agent on July 7, 1998 in Cameron County, Texas.

### What Happened

10. Susan Lynn Rodriguez, deceased, was answering a call to assist the City of Harlingen Police Department and went to the home of Defendant, R.D. Moore, a police officer employed by the Defendant, City of Harlingen, Texas who lived on Gamble Road near San Benito, Cameron County, Texas. Susan Lynn Rodriguez was accompanied by her partner, U.S. Border Patrol Agent Ricardo Guillermo Salinas, age 24, who was also killed on July 7, 1998.

11. Susan Lynn Rodriguez and her partner, Ricardo Guillermo Salinas were leaving Defendant Officer R.D. Moore's home and walking toward their vehicle when a rifle, believed to be an Ar-15 assault rifle, which had been turned in by a citizen to the Defendant, City of Harlingen's Police Department to be destroyed, was instead placed in the possession of Defendant Officer R.D. Moore with the knowledge and consent of the Defendant Chief of Police Jim Sheopner. Defendant Officer R.D. Moore took the rifle to his home and stored it in his home in the room of his son Ernest Moore, age 25, a cocaine user. The rifle was taken and used by officer Moore's son Ernest Moore, age 25, a resident of Officer Moore's home, to shoot to death Susan Lynn Rodriguez and her partner Ricardo Guillermo Salinas.

\

## Municipal Liability

12. Defendant Harlingen Police Officer R.D. Moore's possession of the rifle used to shoot to death Susan Lynn Rodriguez, as set out above, was in compliance with actual policies, procedures, practices and customs of Defendant, City of Harlingen, Texas Police Department. Specifically, Defendant, City of Harlingen through its Police Chief, Defendant Chief Jim Sheopner with deliberate indifference empowered Defendant Officer R.D. Moore with the possession of the Ar-15 assault rifle with unfettered discretion regarding its use, place of storage and security of storage to prevent its' improper use by others and in spite of the citizen owners intent in turning in the rifle to **be destroyed.** These deficient actual policies and procedures of the City of Harlingen, Texas are a proximate cause of the death of Susan Lynn Rodriguez and Plaintiff's damages.

13. Defendants, City of Harlingen, Texas and Defendant, Police Chief Jim Sheopner with deliberate indifference breached their duty to provide Defendant Officer R.D. Moore with adequate supervision and training regarding possession, use, storage and security of the Ar-15 assault rifle in question which are proximate causes of the death of Susan Lynn Rodriguez and Plaintiffs' damages.

14. Defendants Officer R.D. Moore and Police Chief Jim Sheopner were acting under color of state law at all times relevant hereto.

## Damages

15. Defendants acts and omissions, as set out above, are proximate causes of Plaintiffs Gilberto M. Rodriguez and Megan Suzanne Rodriguez damages, including loss of love, loss of companionship, advice, comfort, support both emotional and financial and mental anguish as a result of the death of Gilberto's wife and Megan's mother, Susan Lynn Rodriguez.

\

Defendants acts and omissions, as set out above, are proximate causes of Plaintiffs Stephen L. Williams and Wife, Robyn S. Williams damages, including loss of love, loss of companionship, advice, comfort, support, both emotional and financial and mental anguish as result of the death of their daughter, Susan Lynn Rodriguez.

## V.

### Jury Demand

16. Plaintiffs demand a trial by jury.

## VI.

### Causes of Action

### Federal Cause of Action

17. The facts set out above amount to the use of objectively unreasonable and excessive force against Susan Lynn Rodriguez. Plaintiffs, Gilberto M. Rodriguez, wife and Megan Suzanne Rodriguez, Mother and the unlawful taking of the life of Plaintiffs wife and mother in violation of the fourth Amendment to the United States Constitution made applicable to defendants by the Fourteenth Amendment to the United States Constitution for which redress is provided by 42 U.S.C. §1983 and for which Defendants, City of Harlingen, Texas and Officer R.D. Moore are liable.

The facts set out above amount to the use of objectively unreasonable and excessive force against Susan Lynn Rodriguez. Plaintiffs, Stephen L. Williams and Wife, Robyn S. Williams daughter and the unlawful taking of the life of Plaintiffs daughter in violation of the Fourth Amendment to the United States Constitution made applicable to defendants by the Fourteenth Amendment to the United States Constitution for which redress is provided by 42 U.S.C. §1983 and for which Defendants, City of Harlingen, Texas, Officer R.D. Moore and Chief Jim Sheopner are liable.

## VII.

## State Cause of Action

## Wrongful Death

## Survival

### Parties

18.     Plaintiffs are all the beneficiaries entitled to bring this action pursuant to Section 71.004 and 71.021 of the Texas Civil Practices and Remedies Code respectively the Texas Wrongful Death Statute and the Texas Survival Statute. Their names and relationship to Susan Lynn Rodriguez, deceased (hereinafter referred to as "Decedent") are:

| NAME | RELATIONSHIP TO DECEDENT |
|---|---|
| GILBERTO M. RODRIGUEZ | HUSBAND |
| MEGAN SUZANNE RODRIGUEZ | DAUGHTER |
| STEPHEN L. WILLIAMS | FATHER |
| ROBYN S. WILLIAMS | MOTHER |

### Municipal Liability

19.     Defendants, City of Harlingen, R.D. Moore and Jim Sheopner were negligent in the following respects each of which singularly or in any combination proximately caused the death of Decedent, Susan Lynn Rodriguez and the resulting injuries and damages made the basis of this suit:

    1.   Failing to destroy the rifle in question;

    2.   Failing to properly train Officer Moore in the proper possession of the rifle in question;

    3.   Failing to properly store the rifle in question; and

    4.   Failing to properly secure the rifle in question.

\

20. As a proximate result of the occurrence made the basis of this suit, Susan Lynn Rodriguez sustained severe bodily injuries, consisting of bullet wounds to the leg and neck. After her injuries Susan Lynn Rodriguez talked to other law enforcement officers and suffered conscious pain and suffering. Susan Lynn Rodriguez died on July 7, 1998.

By reason of all of the above and foregoing, Susan Lynn Rodriguez has been damaged in an amount in excess of the minimum jurisdictional limits of the Court for which her surviving beneficiaries now sue.

Susan Lynn Rodriguez died on July 7, 1998, as a proximate result of the occurrence in question and the injuries inflicted upon her by the negligence and carelessness of the Defendants as described above.

**Damages**

21. Susan Lynn Rodriguez was twenty-eight years of age at the time of her death. She was in good health, with a reasonable life expectancy of 51.3 years. She was earning a salary in excess of $50,000 annually. Decedent had a reasonable work life expectancy of 26.5 years. (Each life expectancy listed according to United States Department of Labor Bureau of Statistics.)

22. Susan Lynn Rodriguez was married to Plaintiff Gilberto M. Rodriguez, on March 18, 1995. Of their marriage one (1) child was born, Megan Suzanne Rodriguez (Minor), born June 10, 1996, being those named herein and joined as Plaintiffs. During her lifetime, Decedent was industrious and energetic, a good mother, wife and provider. She performed numerous and usual tasks in and about the family residence, and gave advice, counsel, comfort, care and protection to her husband and family. In all reasonable probability, she would have continued to do so, providing for and supporting her husband for the remainder of her natural life and caring for and supporting her child at least until she attained adulthood, and probably thereafter, as she planned to provide with the cots incident to attending college in accordance with her daughters desires and goals in life. At

her death Decedent possessed assets and accumulated savings from past earnings, which is all reasonable probability she would have continued to accumulate for the remainder of her life. At the time of Decedents death, Plaintiff Gilberto M. Rodriguez was 32 years of age, in good health, with a reasonable life expectancy of 40.9 years.

23. As a result of the untimely death of Decedent, Gilberto M. Rodriguez Decedent's husband, has suffered pecuniary loss for the death of his wife, Susan Lynn Rodriguez, including losses of care, maintenance support, services, advice, counsel and contributions of a pecuniary value that she would, in all reasonable probability, have received from his wife during his lifetime had she lived. In addition, he has suffered loss of consortium and damage to the husband-wife relationship, including loss of affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support, love and felicity necessary to a successful marriage. He has suffered mental anguish, grief and sorrow as a result of the death of his wife, Susan Lynn Rodriguez, and is likely to continue to suffer for a long time into the future. For these losses, Gilberto M. Rodriguez seeks damages in a sum in excess of the jurisdictional limits of the court.

24. Megan Suzanne Rodriguez, (Minor) has suffered pecuniary losses from the death of her Mother, Susan Lynn Rodriguez, including losses of care, maintenance, support, services, advice, counsel and contributions of a pecuniary value that she would, in all reasonable probability, have received from her Mother during her lifetime, had she lived. She has suffered additional losses by virtue of the destruction of the parent-child relationship, including the right to love, affection, solace, comfort, companionship, society, emotional support and happiness. She has suffered severe mental depression and anguish, grief and sorrow as a result of the death of her Mother Susan Lynn Rodriguez and is likely to continue to suffer for a long time in the future. For these losses, Megan Suzanne Rodriguez, seeks damages in a sum in excess o the jurisdictional limits of the court.

\

25. Megan Suzanne Rodriguez has suffered a loss of inheritance that, in all reasonable probability, Decedent would have left to her by will or inheritance. For these losses, Megan Suzanne Rodriguez seeks damages in a sum in excess of the jurisdictional limits of the court.

26. Decedent provided her Father, Stephen L. Williams, Plaintiffs with care, attention and counsel in his day-to-day affairs. In all reasonable probability, Decedent would have continued to so provide for her Father including financial support in his old age, until his death. Plaintiff, Stephen L. Williams was 55 years of age at the time of Decedent's death, and has a reasonable life expectancy of 21.1 years.

27. In addition, Decedent provide her Mother, Robyn S. Williams, Plaintiff with care, attention and counsel in her day-to-day affairs. In all reasonable probability, Decedent would have continued to so provide for her mother including financial support in her old age, until her death. Plaintiff, Robyn SL. Williams was 52 years of age at the time of Decedent's death, and has a reasonable life expectancy of 29 years.

WHEREFORE Plaintiffs pray that this Honorable Court:

a.  Enter judgment against Defendants, jointly and severally, on behalf of Plaintiffs for compensatory damages in the amount of five million dollars on Plaintiffs excessive force claim;

b.  Enter judgment against Defendants, jointly and severally, on behalf of Plaintiffs for damages on Plaintiffs Wrongful Death Claim and Survival in the amount of five million dollars.

c.  Grant a trial by jury on all issues so triable; and

d.  Grant Plaintiffs any and all additional relief to which they may appear to be entitled including statutory attorney fees, pre-judgment interest, and their costs herein expended.

\

Rodriguez Complaint

Respectfully Submitted,

*[signature: Michael Greenberg]*

MICHAEL GREENBERG
Attorney for Plaintiffs
Gilbert M. Rodriguez, Megan Suzanne
Rodriguez, Stephen L. Williams and
Robyn S. Williams
Texas Bar No. 08388000

Law Offices of Richard Pena
Barton Oaks Plaza
901 Mopac, Suite 325
Austin, Texas 78746
(512)327-6884
(512)327-8354 - Fax