/0

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 23 1998

Michael N. Milby, Clerk of Court

| | |
|---|---|
| GILBERTO M. RODRIGUEZ, Individually and on Behalf of his Minor Daughter, MEGAN SUZANNE RODRIGUEZ; and STEPHEN L. WILLIAMS and Wife, ROBYN S. WILLIAMS, Surviving Beneficiaries of the Deceased | { { { { { { { { |
| V. | { { |
| CITY OF HARLINGEN, TEXAS; R.D. MOORE and JIM SCHOEPNER | { { |

CIVIL ACTION NO. B-98-163

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants CITY OF HARLINGEN, TEXAS; R.D. MOORE and JIM SCHOEPNER, and file this their **DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR CONTINUANCE** and would show the Court as follows:

I. Status of Proceedings

Plaintiffs filed suit under 42 USC § 1983 on November 9, 1998. Defendants filed their Answer on December 14, 1998 and a Motion to Dismiss Under Fed.R.Civ.Pr. 12(b)(6). Defendants Moore and Schoepner also moved to dismiss under Rule 12(b)(6) because the Complaint failed to state facts sufficient to defeat their defense of qualified immunity.

Because qualified immunity protects the official from suit as well as liability, the official must be spared discovery until the Court rules on the Rule 12(b)(6) Motion on qualified immunity. *Wicks*, 41 F.3d at 93-994; *Geter v. Fortenberry*, 849 F.2d 1550, 1552 (5th Cir. 1988). The individual Defendants would be deprived of a valuable feature of qualified immunity if they were required to undergo discovery before Plaintiffs plead their entitlement to sue them despite their immunity. *Id.* at 995. *Elliott v. Perez*, 751 F.2d 1472, 1479 (5th Cir. 1985). While this heightened pleading requirement may make some plaintiffs unable to state a claim, this was part of striking the policy balance for the qualified immunity defense. *Wicks*, 41 F.3d at 997; *Elliott*, 751 F.2d at 1483.

Therefore, the Court must stay any discovery pending a ruling on the qualified immunity issues raised by Defendants Moore/Schoepner's Motion to Dismiss Under Rule 12(b)(6).

B.  <u>Discovery Unnecessary to Respond to Rule 12(b)(6) Motion</u>

The Individual Defendants' Motion to Dismiss Under Fed.R.Civ.Pr. 12(b)(6) Based on Qualified Immunity, ¶ IV.A., made it clear: they relied solely upon the insufficiency of the Complaint. The Defendants' Motion to Dismiss Under Fed.R.Civ.Pr. 12(b)(6), ¶ IV.A., urged the same on the merits of the § 1983 claims. Defendants did not seek summary judgment relief under Fed.R.Civ.Pr. 56. The main issues raised are legal questions that do not turn on the truth or falsity of the allegations.

Therefore, evidence is not necessary to decide the sufficiency of the Complaint. A motion to dismiss under Rule 12(b)(6) for failing to state sufficient facts requires the court consider *only* the pleadings. *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990) *cert. denied* at 498 U.S. 908, 111 S.Ct. 279, 112 L.Ed.2d 233 (1990); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). For

## IV. Objections

A.     Defendants object to the affidavit of Gilberto Rodriguez because it fails to state what "facts" he affirms, it does not refer to any pleading on file, and it does not show how these facts are within his personal knowledge.  Though his affidavit is attached to Plaintiffs' Motion for Continuance, he does not verify anything in that Motion; the Motion does not assert any facts. No one has filed a motion for summary judgment; therefore, there is no pleading on file for his affidavit to verify.  Finally, his affidavit is conclusory and does not state any facts.

B.     Defendants object to the affidavit of Mr. Rodriguez for the reason it is not material and necessary.  Their Rule 12(b)(6) Motions are addressed solely to the insufficiency of the Complaint and affidavits are neither necessary nor proper to consider.

C.     Defendants further object to the order granting Plaintiffs a summary judgment, when they have not moved for summary judgment; they have not filed any motion for summary judgment, nor have they filed any motion asserting grounds for summary judgment.

On December 21, 1998, Plaintiffs moved to postpone any decision on the Rule 12(b)(6) Motions until the completion of discovery.[1] Otherwise, Plaintiffs' Response is due January 4, 1998. An Initial Pretrial Conference is set for March 18, 1999.

## II. Issues Presented

1. Whether Plaintiffs may conduct discovery before the Court decides a motion to dismiss under Rule 12(b)(6) based on qualified immunity because the Complaint fails to state facts showing the existence and violation of any clearly established constitutional right.

2. Whether Plaintiffs need to conduct discovery to respond to a Rule 12(b)(6) motion for failure to state a claim.

## III. Argument and Authorities

Plaintiffs request the Court postpone ruling on Defendants' Rule 12(b)(6) Motions until the conclusion of discovery. Defendants do not object to granting Plaintiffs any reasonable extension of time to respond to the Motions.

However, Defendants object to any discovery before the Court rules on their Rule 12(b)(6) Motions. Because the individual Defendants have moved to dismiss because the Complaint fails to state facts showing the existence and violation of a well-established constitutional right which would defeat their qualified immunity, the Court must deny discovery until it rules on their motions. Plaintiffs need no discovery to respond to the motions because they must be decided on the sufficiency of the allegations. Moreover, Defendants object to Plaintiffs'

---

[1] Plaintiffs *erroneously* label Defendants' motions to dismiss under Rule 12(b)(6) as motions for summary judgment. None of Defendants's Motions raise any matters outside Plaintiffs' Complaint or seek summary judgment under Fed.R.Civ.Pr. 56.

mischaracterization of their Motions as seeking summary judgment relief and to the tender of orders granting Plaintiffs' summary judgment relief.

### A. Court Must Stay Discovery Pending Ruling on Rule 12(b)(6) Motion on Qualified Immunity

Defendants Moore and Schoepner's Motion to Dismiss Under Rule 12(b)(6) argues that Plaintiffs' Complaint does not state facts showing a violation of clearly established constitutional rights. Discovery must be stayed pending a ruling on their Motion.

The first step in the qualified immunity analysis is to determine if plaintiff has alleged facts showing the violation of a constitutional right. *County of Sacramento v. Lewis*, ____ U.S. ____, 118 S.Ct. 1708, 1714 n.5, 140 L.Ed.2d 1043 (1998); *Petta v. Rivera*, 143 F.3d 895, 899 (5th Cir. 1998) (en banc). The second step is to determine if that right was "clearly established" at the time the official acted. *Petta*, 143 F.3d at 900.

Until the Complaint alleges facts satisfying these steps, discovery must be stayed. If a Rule 12(b)(6) motion based on qualified immunity argues the complaint fails to state facts showing the existence and a violation of clearly any established law, even limited discovery should not take place. *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 994-995 (5th Cir. 1995) *cert. denied* 515 U.S. 1131, 115 S.Ct. 2555, 132 L.Ed.2d 809 (1995). Until the petition states sufficient facts to defeat qualified immunity, the Rule 12(b)(6) motion should be decided before permitting discovery. *Id.* at 995. The court does not err wherein it denies any discovery pending a ruling on the Rule 12(b)(6) motion based on qualified immunity. *Heitschmidt v. City of Houston*, ____ F.3d ____, 1998 WL 3099036, *7 (5th Cir. 1998).

the purposes of Defendants' Motions, the Court assume the truth of the alleged facts and not look beyond the pleadings. *Baker*, 75 F.3d at 197. The mere presence in the record of extrinsic evidence or issues does not convert a Rule 12(b)(6) motion to one for summary judgment, so long as the court restricts its consideration to the pleadings. *Davis v. Bayles*, 70 F.3d 367, 372 n.3 (5th Cir. 1995); *Britton v. Seale*, 81 F.3d 602, 603 n.1 (5th Cir. 1996).

Because Defendants' Rule 12(b)(6) Motions attack the Complaint on legal questions, Plaintiffs need no discovery to respond. Defendants do not assert matters outside the pleadings, nor do they seek summary judgment relief. Defendants object to any attempt to convert this to summary judgment proceedings by offering Mr. Rodriguez' affidavit, simply to justify a request to postpone a ruling.

C.  Plaintiffs Mischaracterize Defendants' Motions and Their Motion

The caption and ¶ 4 of Plaintiffs' Motion mistakenly refer to Defendants' motions as "Motions for Summary Judgment." Mr. Rodriguez' affidavit claims he has personal knowledge of the facts contained in the "Motion for Summary Judgment . . ." Plaintiffs tender an order to the Court that grants Plaintiffs a "Motion for Summary Judgment."

No one has filed a motion for summary judgment. Defendants have not attempted nor do they wish to have the Court convert their Motions to Dismiss to a motion under Rule 56. Their Motions make it clear that their sole grounds are the sufficiency of the pleadings and the need for Plaintiffs to respond to the qualified immunity defense. Plaintiffs' Motion for Continuance does not urge summary judgment.

Defendants object to any attempt to convert any pending motions to summary judgment proceedings, so that Plaintiffs can argue that they need discovery before responding.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiffs' Motion for Continuance to Obtain Depositions in Response to Defendants Rule 12b 6 Motions be denied and that the Court stay all discovery until it rules on Defendants' pending Motions to Dismiss.

Respectfully submitted,

By: _____
TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Admissions ID No. 5950
Texas State Bar No. 10229500
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
Attorney-in-Charge for Defendants, CITY OF HARLINGEN, TEXAS; R.D. MOORE and JIM SCHOEPNER

PASSMORE, WALKER & TWENHAFEL, L.L.P.
Walter J. Passmore
State Bar No. 15560400
P. O. Drawer 3766
McAllen, TX 78502-3766
956/687-6225; FAX: 956/686-1276
Attorney for R.D. MOORE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 23rd day of December 1998, to the following counsel of record and interested parties:

---

Attorney for Plaintiffs GILBERTO M. RODRIGUEZ, et al:

| | |
|---|---|
| Mr. Michael Greenberg | Fax   (956) 686-1276 |
| LAW OFFICES OF RICHARD PENA, P.C. | CM RRR Z 348 018 997 |
| Barton Oaks Plaza Two | |
| 901 MoPac, Suite 325 | |
| Austin, TX 78746-5747 | |

_____
ROGER W. HUGHES