United States District Court
Southern District of Texas
FILED

MAR 0 5 1999

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GILBERTO M. RODRIGUEZ, Individually and on Behalf of his Minor Daughter, MEGAN SUZANNE RODRIGUEZ; and STEPHEN L. WILLIAMS and Wife, ROBYN S. WILLIAMS, Surviving Beneficiaries of the Deceased | { { { { { { { { | CIVIL ACTION NO. B-98-163 |
| V. | { { | A JURY IS DEMANDED |
| CITY OF HARLINGEN, TEXAS | { { | |
| AND | { { | |
| R.D. MOORE AND JIM SCHEOPNER | { { | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **Gilberto M. Rodriguez, Individually and on Behalf of his Minor Daughter, Megan Suzanne Rodriguez; and Stephen L. Williams and Wife, Robyn S. Williams, Surviving Beneficiaries of the Deceased, Plaintiffs,** and City of Harlingen, Texas; R.D. Moore and Jim **Schoepner, Defendants,,** in the above referenced action, filing their Joint Discovery/Case Management Plan, as required by the Cost and Delay Reduction Plan in the Civil Justice Reform Act of 1990 adopted by the Court on October 24, 1991.

# I.

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

**ANSWER:** Through multiple telephone conversations on March 2 and 3, 1999, attorneys of record, Tom Lockhart, Walter Passmore, Michael Greenberg and Broadus Spivey (who will be filing a Motion to Substitute as attorney of record for Plaintiffs).

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

**ANSWER:** Civil Action No. B-98-162: Arturo Guillermo Salinas and Elisa Hernandez Herrera Salinas vs. City of Harlingen, Texas and R.D. Moore and Jim Schoepner; In the United States District Court for the Southern District of Texas, Brownsville Division.

3. Specify the allegation of federal jurisdiction.

**ANSWER:** 42 U.S.C. § 1983; 42 U.S.C. § 1988; 28 U.S.C. § 1343(a)(3); 28 U.S.C. § 1331.

4. Name the parties who disagree and the reasons.

**ANSWER:** Not applicable.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**ANSWER:** None.

6.  List anticipated interventions.

**ANSWER:** Six Cameron County Deputy Sheriffs have given the City of Harlingen Notice of Claims arising out of the subject incident. It is unknown if they will seek to intervene.

7.  Describe class-action issues.

**ANSWER:** None.

8.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**ANSWER:** Defendants, in their response to Plaintiffs' Motion for Continuance, object to any discovery before the Court rules on their Rule 12(b)(6) Motions.

Plaintiffs have filed a Motion for Continuance to conduct discovery to respond to Defendants' Rule 12(b)(6) Motions.

Because the pending Rule 12(b)(6) Motions and related motions and responses on file, affect the issue, timing and breadth of discovery, the parties respectfully request leave to file a Discovery Plan after final resolution of Defendants' Rule 12(b)(6) Motions.

9.  Describe the proposed agreed discovery plan, including:

    A.  Responses to all the matters raised in Rule 26(f).

    B.  When and to whom the plaintiff anticipates it may send interrogatories.

    C.  When and to whom the defendant anticipates it may send interrogatories.

    D.  Of whom and by when the plaintiff anticipates taking oral depositions.

    E.  Of whom and by when the defendant anticipates taking oral depositions.

F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

**ANSWER:** A. - H. Defendants, in their response to Plaintiffs' Motion for Continuance, object to any discovery before the Court rules on their Rule 12(b)(6) Motions.

Plaintiffs have filed a Motion for Continuance to conduct discovery to respond to Defendants' Rule 12(b)(6) Motions.

Because the pending Rule 12(b)(6) Motions and related motions and responses on file, affect the issue, timing and breadth of discovery, the parties respectfully request leave to file a Discovery Plan after final resolution of Defendants' Rule 12(b)(6) Motions.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**ANSWER:** Because the pending Rule 12(b)(6) Motions and related motions and responses on file, affect the issue, timing and breadth of discovery, the parties respectfully request leave to file a Discovery Plan after final resolution of Defendants' Rule 12(b)(6) Motions.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

**ANSWER:** None.

12. State the date the planned discovery can reasonably be completed.

**ANSWER:** Because the pending Rule 12(b)(6) Motions and related motions and responses on file, affect the issue, timing and breadth of discovery, the parties respectfully request leave to file a Discovery Plan after final resolution of Defendants' Rule 12(b)(6) Motions.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**ANSWER:** A mediation was conducted on December 18, 1998 in Austin which was unsuccessful. The parties will consider additional mediation efforts, if necessary, after final resolution of the pending Rule 12(b)(6) Motions.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

**ANSWER:** A mediation was conducted on December 18, 1998 in Austin which was unsuccessful. The parties will consider additional mediation efforts, if necessary, after final resolution of the pending Rule 12(b)(6) Motions.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

**ANSWER:** A mediation was conducted on December 18, 1998 in Austin which was unsuccessful. The parties will consider additional mediation efforts, if necessary, after final resolution of the pending Rule 12(b)(6) Motions.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**ANSWER:** At this time the parties have not agreed to a trial before a magistrate judge.

17. State whether a jury demand has been made and *if* it was made on time.

**ANSWER:** Yes and made timely.

18. Specify the number of hours it will take to present the evidence in this case.

**ANSWER:** If § 1983 claims are prosecuted against Defendants then the parties anticipate 10 to 15 8-hour days of evidence.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**ANSWER:** Defendants' Motions to Dismiss Under FRCP 12(b)(6) and Individual Defendants' Motions to Dismiss Under FRCP 12(b)(6) Based on Qualified Immunity.

Plaintiffs' Motion for Continuance to Obtain Depositions in Response to Defendants' Rule 12(b)(6) Motions to Dismiss/Rule 56 Motion for Summary Judgment.

Defendants' Response to Plaintiffs' Motion for Continuance.

20. List other motions pending.

**ANSWER:** None.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**ANSWER:** None.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

**ANSWER:**

Mr. Michael Greenberg
State Bar No. 08388000
LAW OFFICES OF RICHARD PENA, P.C.
Barton Oaks Plaza Two
901 MoPac, Suite 325
Austin, TX 78746-5747
Telephone     (512) 327-6884
Telecopier:    (512) 327-8354
ATTORNEYS FOR PLAINTIFFS

Tom Lockhart
State Bar No. 12473500
Fed. I.D. No. 2257
Roger W. Hughes
State Bar No. 10229500
ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, Texas 78551-1429
Telephone:     (956) 428-7495
Telecopier:    (956) 428-2954
ATTORNEYS FOR DEFENDANTS,
CITY OF HARLINGEN, TEXAS; R.D.
MOORE and JIM SCHOEPNER

Walter J. Passmore
State Bar No. 15560400
**PASSMORE, WALKER & TWENHAFEL, L.L.P.**
P. O. Drawer 3766
McAllen, TX 78502-3766
Telephone: 956/687-6225
Telecopier: 956/686-1276
ATTORNEY FOR R.D. MOORE

Respectfully Submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
Telephone: 956/428-7495
Telecopier: 956/428-2954

By: _____
    Tom Lockhart
    State Bar No. 12473500
    Fed. I.D. No. 2257

Attorneys for Defendants, City of Harlingen, Texas; R.D. Moore and Jim Schoepner

# JOINT DISCOVERY/CASE MANAGEMENT PLAN

Respectfully submitted,

**PASSMORE, WALKER & TWENHAFEL, L.L.P.**
P. O. Drawer 3766
McAllen, TX 78502-3766
Telephone: 956/687-6225
Telecopier: 956/686-1276

By: *Walter Passmore*
Walter J. Passmore
State Bar No. 15560400
Federal I.D. _____

Attorney for R.D. Moore

# JOINT DISCOVERY/CASE MANAGEMENT PLAN

Respectfully submitted,

**LAW OFFICES OF RICHARD PENA, P.C.**
Barton Oaks Plaza
901 Mopac, Suite 325
Austin, Texas 78746
Telephone: (512) 327-6884
Telecopier: (512) 327-8354

By: *Michael Greenberg by Francia Pan*
Michael Greenberg
State Bar No. 08388000
Federal I.D. No. _____

Attorneys for Plaintiffs Gilberto M. Rodriguez
Individually and on Behalf of his Minor
Daughter, MEGAN SUZANNE RODRIGUEZ;
and STEPHEN L. WILLIAMS and Wife,
ROBYN S. WILLIAMS, Surviving
Beneficiaries of the Deceased