

```
                                              United States District Court
                                              Southern District of Texas
                                                       FILED

        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF TEXAS    MAR 29 1999
               BROWNSVILLE DIVISION
                                              Michael N. Milby
                                              Clerk of Court
```

| | |
|---|---|
| GILBERTO M. RODRIGUEZ, Individually and on Behalf of his Minor Daughter, MEGAN SUZANNE RODRIGUEZ; and STEPHEN L. WILLIAMS and Wife, ROBYN S. WILLIAMS, Surviving Beneficiaries of the Deceased | |
| | CIVIL ACTION NO. B-98-163 |
| V. | A JURY IS DEMANDED |
| CITY OF HARLINGEN, TEXAS | |
| AND | |
| R.D. MOORE AND JIM SCHEOPNER | |

## DEFENDANTS' FIRST AMENDED ANSWER IN RESPONSE TO PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants **CITY OF HARLINGEN, TEXAS; R.D. MOORE and JIM SCHOEPNER**, and file this their **DEFENDANTS' FIRST AMENDED ANSWER IN RESPONSE TO PLAINTIFFS' FIRST AMENDED COMPLAINT**, and would show unto the Court as follows:

### I.

### Preliminary Statement

To the extent that the titles and headings inserted by Plaintiffs at various points in the First Amended Complaint are intended to be allegations against these Defendants, they are, unless specifically admitted, denied. To the extent that any allegations are not specifically admitted, they are denied.

1. Defendants deny the allegations in ¶ 1 that Susan Lynn Rodriguez was subjected to deadly use of force in violation of rights guaranteed to her by the Fourth and Fourteenth Amendments to the United States Constitution. These Defendants admit that Plaintiffs have asserted an action pursuant to 42 USC, § 1983; however, Defendants deny that Plaintiffs have any claims against them.

2. Defendants admit so much of ¶ 2 which states that Plaintiffs seek compensatory damages and reasonable attorney's fees; however, Defendants deny that Plaintiffs are entitled to compensable damages or attorney's fees.

3. Defendants admit the allegations in ¶ 3 that this Court has jurisdiction over this action; however, Defendants deny any liability to Plaintiffs.

4. Defendants admit that a jury trial has been timely demanded.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 5, and, therefore, deny the same.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 6, and, therefore, deny the same.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 7, and, therefore, deny the same.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 8, and, therefore, deny the same.

9. Defendants admit the allegations in ¶ 9 that Defendant R.D. Moore is a Cameron County resident, a Harlingen Police Officer, acted under color of State law, and must comply with minimum constitutional requirements. The remaining allegations in ¶ 9 concerning R.D.

Moore's duties, responsibilities and failures are so vague that Defendants cannot reasonably determine to what they refer, and therefore Defendants deny the remaining allegations in ¶ 9.

10. Defendants admit the allegations in ¶ 10 that Defendant Police Chief Jim Schoepner was at all times hereto a Police Chief employed by the City of Harlingen, Texas, acted under color of State law and must comply with minimum constitutional requirements. The remaining allegations in ¶ 10 concerning his duties, responsibilities and failures are so vague that Defendants cannot reasonably determine to what they refer, and therefore Defendants deny the remaining allegations in ¶ 10.

11. Defendants admit so much of the allegations in ¶ 11 that the City of Harlingen, Texas, is a Texas municipality and a political subdivision of the State of Texas, located within the boundaries of the Brownsville Division of the United States District Court for the Southern District of Texas, and that it has authority to hire, fire, discipline and train its police officers. The remaining allegations in ¶ 11 concerning the City's duties, responsibilities and failures are so vague that Defendants cannot reasonably determine to what they refer, and therefore Defendants deny the remaining allegations in ¶ 11.

12. Defendants admit that the Individual Defendant Officers were at all times acting under color of State law. Defendants deny the remainder of the allegations contained in ¶ 12.

13. Defendants deny the allegations contained in ¶ 13 except to the extent described in ¶ 63 of this Amended Answer.

14. Defendants deny the allegations contained in ¶ 14 except to the extent described in ¶ 63 of this Amended Answer.

15. Defendants deny the allegations contained in ¶ 15 except to the extent described in ¶ 63 of this Amended Answer.

16. Defendants deny the allegations contained in ¶ 16 except to the extent described in ¶ 63 of this Amended Answer.

17. Defendants deny the allegations contained in ¶ 17.

18. Defendants deny the allegations contained in ¶ 18.

19. Defendants deny the allegations contained in ¶ 19.

20. Defendants deny the allegations contained in ¶ 20.

21. Defendants deny the allegations contained in ¶ 21 except to the extent described in ¶ 63 of this Amended Answer.

22. Defendants deny the allegations contained in ¶ 22 except to the extent described in ¶ 63 of this Amended Answer.

23. Defendants deny the allegations contained in ¶ 23.

24. Defendants deny the allegations contained in ¶ 24.

25. Defendants deny the allegations contained in ¶ 25.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 26, and, therefore, deny the same.

27. Defendants deny the allegations contained in ¶ 27 except to the extent described in ¶ 63 of this Amended Answer.

28. Defendants deny the allegations contained in ¶ 28 except to the extent described in ¶ 63 of this Amended Answer.

29. Defendants deny the allegations contained in ¶ 29 except to the extent described in ¶ 63 of this Amended Answer.

30. Defendants deny the allegations contained in ¶ 30 except to the extent described in ¶ 63 of this Amended Answer.

31. Defendants deny the allegations contained in ¶ 31 except to the extent described in ¶ 63 of this Amended Answer.

32. Defendants deny the allegations contained in ¶ 32 except to the extent described in ¶ 63 of this Amended Answer.

33. Defendants deny the allegations contained in ¶ 33 except to the extent described in ¶ 63 of this Amended Answer.

34. Defendants incorporate their responses contained in paragraphs 1-33 and deny the allegations contained in ¶ 34 except to the extent described in ¶ 63 of this Amended Answer.

35. Defendants deny the allegations contained in ¶ 35 except to the extent described in ¶ 63 of this Amended Answer.

36. Defendants deny the allegations contained in ¶ 36.

37. Defendants incorporate their responses contained in paragraphs 1-36 and deny the allegations contained in ¶ 37 except to the extent described in ¶ 63 of this Amended Answer.

38. Defendants deny the allegations contained in ¶ 38.

39. Defendants incorporate their responses contained in paragraphs 1-38 and deny the allegations contained in ¶ 39 except to the extent described in ¶ 63 of this Amended Answer.

40. Defendants deny the allegations contained in ¶ 40.

41. Defendants deny the allegations contained in ¶ 41.

42. Defendants deny the allegations contained in ¶ 42.

43. Defendants incorporate their responses contained in paragraphs 1-42 and deny the allegations contained in ¶ 43 except to the extent described in ¶ 63 of this Amended Answer.

44. Defendants deny the allegations contained in ¶ 44.

45. Defendants deny the allegations contained in ¶ 45.

46. Defendants deny the allegations contained in ¶ 46.

47. Defendants deny the allegations contained in ¶ 47.

48. Defendants deny the allegations contained in ¶ 48.

49. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 49, and, therefore, deny the same.

50. Defendants deny the allegations contained in ¶ 50.

51. Defendants admit Susan Lynn Rodriguez died on July 7, 1998; otherwise, Defendants deny the allegations contained in ¶ 51.

52. Defendants deny the allegations contained in ¶ 52.

53. Defendants deny the allegations contained in ¶ 53.

54. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 54, and, therefore, deny the same.

55. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 55, and, therefore, deny the same.

56. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 56, and, therefore, deny the same.

57. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 57, and, therefore, deny the same.

58. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 58, and, therefore, deny the same.

59. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 59, and, therefore, deny the same.

60. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 60, and, therefore, deny the same.

61. Defendants admit the allegations contained in ¶ 61.

62. Defendants deny the allegations contained in ¶ 62.

63. The AR-15 rifle had been turned in by Harlingen citizen, Sylvia Pirtle, who said she wanted it destroyed and was received by the Defendant City of Harlingen Police Department "for disposal." This rifle had been assigned to R.D. Moore by his commanding officer, Capt. Joe Vasquez. Vasquez and Moore, who had received FBI training on this type rifle, were the two HPD Officers Police Chief Scheopner would have called (24-hour basis) to respond to any tactical situation requiring a rifle. This rifle, along with four other privately owned semi-automatic rifles (of the same or larger caliber), was locked in a Remington gun vault. R.D. Moore had both keys to the gun vault. At some unknown time his adult son Ernest Moore (who resided with him), without permission or authorization, took the key to this vault and in the middle of the night, while R.D. Moore slept, opened the safe and again without permission or authorization took the HPD rifle. Border Patrol Agent Susan Lynn Rodriguez voluntarily responded to a call from the Cameron County Sheriff's Department and went to the home of

Defendant Moore. Defendant Moore advised agent Rodriguez that she did not have authority to enter his house, as his son Ernest was not an illegal alien. Defendant Moore did allow the Cameron County Deputy Sheriffs to search his home. Later after completion of the search Ernest Moore shot agent Rodriguez. Ernest Moore had previously had a problem with cocaine but to his parents' knowledge had overcome his problem and in fact had been a responsible, hard-working full-time employee for several years. Defendants, Officer R.D. Moore and Police Chief Jim Schoepner, were at all times acting under color of State law.

64. Defendants deny that Plaintiffs are entitled to their claims for relief contained in their Prayer.

## II.

65. Defendants deny that Plaintiffs' allegations raise any claims under the Fourth or Fourteenth Amendments, U.S. Constitution. The actions of Ernest Moore were independent of Defendants. None of the Defendants acted with deliberate indifference nor were their actions done with such malice or disregard as to be conscious shocking. Defendants deny that they created any danger, that they put Susan Lynn Rodriguez in a dangerous environment, or that they limited Susan Lynn Rodriguez's ability to avoid the danger.

## III.

### Qualified Immunity

66. Defendants R.D. Moore and Jim Schoepner incorporate the averments in ¶¶ 1-28 as if set out verbatim in this paragraph. Defendants R.D. Moore and Jim Schoepner are entitled to qualified immunity against the federal claims made against them individually. The allegations fail to state a violation of any Constitutional right. Even if their conduct did violate some

Constitutional right, that right was not clearly established under the law existing at that time; their actions were reasonable under the then existing law.

67. Defendant Jim Schoepner had no knowledge or information that Harlingen Police Officers were in need of additional training or supervision in the handling or safeguarding of weapons entrusted to them. He had no notice or knowledge that, unless Harlingen Police Officers received additional training or supervision in the handling and safeguarding of weapons, a deprivation of Constitutional rights could occur.

68. Defendants R.D. Moore was not deliberately indifferent to any need to properly handle and secure the rifle issued to him. He was not malicious or reckless in the care and safeguarding of the rifle in question, and his actions do not rise to the level of conscience shocking behavior.

## IV.

## Official Immunity

69. Defendants R.D. Moore and Jim Schoepner are immune from the state law claims under the doctrine of official immunity. Their personal liability will be barred under Tex.Civ.Prac.& Rem. Code, § 101.106.

## V.

## Sovereign Immunity

70. Defendant City of Harlingen is immune from Plaintiffs' state law claims under the doctrine of sovereign immunity, except to the extent Plaintiffs prove a waiver of that immunity under Texas Tort Claims Act, Tex.Civ.Prac. & Rem. Code, Chap. 101.

71. Defendant City of Harlingen denies that immunity has been waived under Tex.Civ.Prac. & Rem. Code, § 101.021. Liability is further excluded under Tex.Civ.Prac. & Rem. Code, §§ 101.055 and 101.056 and 101.057.

## VI.

### Damage Cap

72. Defendant City of Harlingen's liability, if any, is limited by Tex.Civ.Prac. & Rem. Code, § 101.023. Defendants R.D. Moore and Jim Schoepner's liability, if any, is limited by Tex.Civ.Prac. & Rem. Code, § 108.002. Defendants R.D. Moore and Jim Schoepner deny Plaintiffs' claims for exemplary damages and alternatively plead the statutory limits of Chap. 41 of the TCPRC.

## VII.

### Exemplary Damage Bar

73. Defendant City of Harlingen, Texas is immune from liability for exemplary damages under both State and Federal law.

## VIII.

### Third Party and Causation

74. The occurrence in question was caused in whole or in part by the actions of a third party over whom Defendants had no control. Such acts are an independent, superseding cause of harm; alternatively, they are the sole proximate cause of the occurrence and any alleged injuries.

# PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants **CITY OF HARLINGEN, TEXAS**; **R.D. MOORE** and **JIM SCHOEPNER** pray that upon final hearing that they be discharged without liability and be granted all other relief, either in law or in equity, which the Court deems proper.

Respectfully Submitted,

By: _____
TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
(956) 428-7495
(956) 428-2954 (Fax)
ATTORNEY-IN-CHARGE FOR DEFENDANTS, CITY OF HARLINGEN, TEXAS; R.D. MOORE and JIM SCHOEPNER

OF COUNSEL:

**ADAMS & GRAHAM, L.L.P.**
Roger W. Hughes
Texas State Bar No. 10229500

**PASSMORE, WALKER & TWENHAFEL, L.L.P.**
Walter J. Passmore
State Bar No. 15560400
P. O. Drawer 3766
McAllen, TX 78502-3766
Telephone: 956/687-6225
Telecopier: 956/686-1276
Attorney for R.D. Moore

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 29th day of March, 1999, to the following counsel of record and interested parties:

Mr. Michael Greenberg
**LAW OFFICES OF RICHARD PENA, P.C.**
Barton Oaks Plaza Two
901 MoPac, Suite 325
Austin, Texas  78746-5747
Attorney for Plaintiffs
Via Fax No. 512/327-8354

Mr. Broadus Spivey
**SPIVEY & AINSWORTH P.C.**
48 East Avenue
Austin, Texas  78701
Attorney for Plaintiffs
Via Fax No. 512/474-1605

Mr. Walter J. Passmore
**PASSMORE, WALKER & TWENHAFEL, L.L.P.**
P. O. Drawer 3766
McAllen, Texas  78502-3766
Via Fax No. 956/686-1276

_____
TOM LOCKHART