IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GILBERTO M. RODRIGUEZ, Individually and on Behalf of his Minor Daughter, MEGAN SUZANNE RODRIGUEZ; and STEPHEN L. WILLIAMS and Wife, ROBYN S. WILLIAMS, Surviving Beneficiaries of the Deceased | { { { { { { { { | |
| V. | { { | CIVIL ACTION NO. B-98-163 |
| CITY OF HARLINGEN, TEXAS | { { { | A JURY IS DEMANDED |
| AND | { { | |
| R.D. MOORE AND JIM SCHEOPNER | { { | |

United States District Court
Southern District of Texas
FILED

AUG 1 1 1999

Michael N. Milby
Clerk of Court

## DEFENDANTS' OBJECTIONS TO AND REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' SECOND SUPPLEMENTAL BRIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **City of Harlingen, Texas, R. D. Moore, and Jim Schoepner**, Defendants herein and files this their Objections to and Reply to Plaintiffs' Response to Defendants' Second Supplemental Brief and would show the Court as follows:

I.

### CERTIFICATE OF CONFERENCE

Defendants' counsel tried to confer with Plaintiffs' counsel concerning the subject matter of the objections but was unsuccessful.

## II.

## OBJECTIONS TO PLAINTIFFS' EXHIBIT A

Plaintiffs recent Response tenders as Exhibit A the Affidavit of Jose Rubio, Jr. Defendants object to Exhibit A and they ask the Court sustain the objections and strike the affidavit.

First, this is a Motion to Dismiss under Rule 12(b)(6). The only question is the sufficiency of the pleadings. The Court may not consider affidavits or testimony outside the pleadings in order to resolve the motion. Therefore, the affidavit should be disregarded and stricken from the record.

Second, Exhibit A itself is nothing more than the incompetent speculations of Rubio. Shorn of its rhetoric, Rubio admits that he has no firsthand knowledge of the events at the Defendant Moore's residence, how Ernest Moore acquired the rifle, or the assignment of the rifle to Defendant Moore. The affidavit consists chiefly of his suspicions and speculation derived from hearsay. Because the witness has no firsthand knowledge and is essentially reporting his suspicions, it is utterly incompetent to prove anything.

## III.

Plaintiffs' Response, pages 7-10, argues that the City of Harlingen summoned the Border Patrol agents to investigate Ernest Moore's offenses and therefore had a duty to protect the persons they summoned.

First, Plaintiffs have admitted Defendants did not summon the Border Patrol agents. Plaintiffs' Amended Complaint, ¶ 28, specifically pleads that it was *Cameron County* (i.e, the Sheriff) that summoned the agents. Plaintiffs reference Defendants' Letter Brief of May 10, 1999, but this Letter Brief does not state Defendants summoned the Border Patrol. Any

claim the Defendants summoned the Border Patrol agents is contrary to Plaintiffs' own pleadings and therefore should be disregarded.

Plaintiffs' citation to *Schuster v. City of New York*, 154 N.E.2d 534, 537 (1958) is inapposite. *Schuster* involved state common law, nor federal law under 42 U.S.C. § 1983. A promise of protection or a request for assistance will not create a federal constitutional duty actionable under § 1983. See, *Callis v. Sellers*, 931 F.Supp. 504 (S.D. Tex. 1996).

To the extent Plaintiffs are defending their state common law claims, Texas law is against them. Under common law, law enforcement officers had no tort liability for injuries caused by their failure to prevent crimes or maintain the peace. See, e.g., *South v. Maryland*, 59 U.S. 396 (1855). Consequently, an officer has no liability for a failure to protect absent a specific promise of police protection to the victim. See, *Munoz v. Cameron County*, 725 S.W.2d 319, 322 (Tex.Civ.App. - Corpus Christi 1986, no writ); *Crider v. United States*, 885 F.2d 294, 297 (5th Cir. 1989), cert denied, 495 U.S. 956 (1990)(no tort duty for park ranger's failure to arrest drunk driver who subsequently caused accident).

## IV.

Plaintiffs attempt to distinguish *Saenz v. Brooks County*, ,_____, F.3d _____, Case No. 98-40902 (July 30, 1999) on the basis that the Deputy Sheriff was not a "final policy maker." This argument misconstrues the Fifth Circuit's holding. The Fifth Circuit stated that Due Process has been limited to situations where the state officer deliberately chooses to deprive a person of life or liberty. Therefore, the Fifth Circuit's ruling turned on whether the official's decision was an intentional decision to deprive a specific person of life or liberty, not whether the official was a "final policy maker."

**WHEREFORE, PREMISES CONSIDERED**, Defendants pray that the Court grant their objections, strike the affidavit, and grant their Motions to Dismiss and for any other further relief, in law or in equity, to which they may show themselves entitled.

Respectfully submitted,

By: _____
TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Admissions ID No. 5950
Texas State Bar No. 10229500
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
Attorney-in-Charge for Defendants, CITY OF HARLINGEN, TEXAS; R. D. MOORE and JIM SCHOEPNER

PASSMORE, WALKER & TWENHAFEL, L.L.P.
Walter J. Passmore
State Bar No. 15560400
P. O. Drawer 3766
McAllen, TX 78502-3766
956/687-6225; FAX: 956/686-1276
Attorney for R. D. MOORE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 11th day of August 1999, to the following counsel of record and interested parties:

Attorney for Plaintiffs GILBERTO M. RODRIGUEZ, et al:

Mr. Michael Greenberg
**LAW OFFICES OF RICHARD PENA, P.C.**
Barton Oaks Plaza Two
901 MoPac, Suite 325
Austin, Texas 78746-5747
Via Regular Mail

Mr. Broadus A. Spivey
**SPIVEY & AINSWORTH, P.C.**
48 East Avenue
Austin, Texas 78701-4320
Via Fax No. 512/474-1605

Attorney of record for Defendant, R.D. MOORE, in His Individual Capacity:

Mr. Walter J. Passmore
**PASSMORE, WALKER & TWENHAFEL, L.L.P.**
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3766
McAllen, Texas 78502-3766
Via Fax No. 956/686-1276

TOM LOCKHART

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| GILBERTO M. RODRIGUEZ, Individually and on Behalf of his Minor Daughter, MEGAN SUZANNE RODRIGUEZ; and STEPHEN L. WILLIAMS and Wife, ROBYN S. WILLIAMS, Surviving Beneficiaries of the Deceased | CIVIL ACTION NO. B-98-163 |
| V. | A JURY IS DEMANDED |
| CITY OF HARLINGEN, TEXAS AND R.D. MOORE AND JIM SCHEOPNER ARTURO G. SALINAS, ET AL | |

### ORDER GRANTING DEFENDANTS' OBJECTIONS TO EXHIBIT A TO PLAINTIFFS' RESPONSE

**BE IT REMEMBERED** that on the _____ day of _____, 1999, came to be considered Defendants' Objections to Exhibit A to Plaintiffs' Response to Defendants' Second Supplemental Brief and the Court is of the opinion that said Objections are good and should be sustained.

**IT IS THEREFORE ORDERED** that Defendants' Objections are sustained, Exhibit A is stricken and shall be disregarded for any purpose.

**SIGNED FOR ENTRY** this the _____ day of _____, 1999, at Brownsville, Texas.

_____
JUDGE PRESIDING

*LAW OFFICES OF*

# ADAMS & GRAHAM, L.L.P.

AFFILIATED WITH HILL GILSTRAP ADAMS & GRAHAM, L.L.P

**TOM LOCKHART**
Partner

222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551
TEL (956) 428-7495   FAX (956) 428-2954

AFFILIATE OFFICES
AUSTIN
CHICAGO
DALLAS/FORT WORTH
LITTLE ROCK

August 11, 1999

United States District Court
Southern District of Texas
RECEIVED
AUG 1 1 1999
Michael N. Milby, Clerk of Court

Mr. Michael Milby
**UNITED STATES DISTRICT CLERK**
600 E. Harrison, #306
Brownsville, TX 78520

**VIA HAND DELIVERY**

**RE:   Civil Action No. B-98-163**
      **Gilberto Rodriguez, et al. v. City of Harlingen, et al.**
      **Our File: H-1023**

Dear Mr. Milby:

Pursuant to the Local Rules of Federal Procedure, please find enclosed for filing among the papers of the above referenced lawsuit, the original and one (1) copy of:

1) Defendants' Objections to and Reply to Plaintiffs' Response to Defendants' Second Supplemental Brief; and

2) Proposed Order Granting Defendants' Objections to Exhibit A to Plaintiffs' Response.

You will also find enclosed a second copy of the first page of the Objections which we kindly request you file-mark and return to these offices for our records.

By copy hereof, we are forwarding a copy of same to all counsel of record and interested parties.

Thank you for your time and consideration in this matter.

Sincerely yours,

**ADAMS & GRAHAM, L.L.P.**

By: _____
    Tom Lockhart

TL/mm
Enclosures

[8]; C:\files\H1023\Clerk.010

Mr. Michael Milby
Re:   Civil Action No. B-98-163
       Rodriguez, et al. v. City of Harlingen, et al.
August 11, 1999
Page 2


cc: (w/encls.)

    Honorable Hilda G. Tagle
    Presiding Judge, UNITED STATES DISTRICT COURT
    600 E. Harrison, #306
    Brownsville, Texas 78520

Attorneys for Plaintiffs GILBERTO RODRIGUEZ, ET AL.:

    Mr. Michael Greenberg
    **LAW OFFICES OF RICHARD PENA, P.C.**
    Barton Oaks Plaza Two
    901 MoPac, Suite 325
    Austin, Texas  78746-5747
    Via Regular Mail

    Mr. Broadus Spivey
    **SPIVEY & AINSWORTH P.C.**
    48 East Avenue
    Austin, Texas  78701
    Via Fax No. 512/474-1605

Attorney of record for Defendant, R.D. MOORE, in His Individual Capacity:

    Mr. Walter J. Passmore
    **PASSMORE, WALKER & TWENHAFEL, L.L.P.**
    2424 North 10th St., Suite 201; 78501
    P. O. Drawer 3766
    McAllen, Texas  78502-3766
    Via Fax No. 956/686-1276