34

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MAR 2 7 2000

Clerk of Court

| | |
|---|---|
| GILBERTO M. RODRIGUEZ, Individually and on Behalf of his Minor Daughter, MEGAN SUZANNE RODRIGUEZ; and STEPHEN L. WILLIAMS and Wife, ROBYN S. WILLIAMS, Surviving Beneficiaries of the Deceased | CIVIL ACTION NO. B-98-163 |
| V. | A JURY IS DEMANDED |
| CITY OF HARLINGEN, TEXAS AND R.D. MOORE AND JIM SCHEOPNER | |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' REPLY TO DEFENDANTS' ASSERTION OF QUALIFIED IMMUNITY AND DEFENDANTS' RESPONSE**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants, **CITY OF HARLINGEN, TEXAS, R.D. MOORE and JIM SCHEOPNER**, and object to Plaintiffs' Reply to Defendants' Assertion of Qualified Immunity and move to strike and in support thereof would show the Court as follows:

**I.**

**CERTIFICATE OF CONFERENCE**

1. Defendants' counsel has conferred with counsel for Plaintiffs, and no resolution can be resolved concerning this motion.

## II.

## INTRODUCTION

2.   The Court ordered Plaintiffs to file a Reply under Fed.R.Civ.Pr. 7 concerning the issues of qualified immunity. Instead, Plaintiffs have filed a summary judgment-type response submitting evidence. Plaintiffs have failed to comply with the Court Order.

## III.

## PLAINTIFFS' "REPLY" IS NOT WHAT THE COURT ORDERED

3.   The Court ordered a Reply in accordance with Rule 7. That rule gives the Court discretion to require Plaintiff file a *pleading* that responds to an affirmative defense in the Answer; as such, it is a pleading and therefore should allege facts defeating the defense. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995); **Charles Wright and Arthur Miller**, *Federal Practice and Procedure*, § 1185, pg. 22 (1990).. The purpose is to allege specific facts focusing on that officer's conduct. *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). A failure to file a reply, if one is ordered, constitutes an admission of the affirmative defense. *Schultea*, 47 F.3d at 1433; *Wright*, § 1185, pg. 22.

4.   Instead of filing a 'Reply', Plaintiffs have filed a brief and again inappropriately attempted to offer incompetent evidence. This is not a pleading, nor is the type of reply under Rule 7 contemplated by *Schultea*. Primarily the Plaintiffs make legal argument about the authorities. The balance is simply a summary of attached materials.

5.   Therefore, the Court should strike the 'Reply' and deem the defense admitted.

## IV.

## EXTRINSIC EVIDENCE IS NOT ALLOWABLE UNDER RULE 12(b)(6)

6.   Plaintiffs again attempt to offer extrinsic evidence to defeat a motion under Fed.R.Civ.Pr. 12(b)(6). The Court cannot consider extrinsic evidence to decide a Rule 12(b)(6) motion. Exhibit E is

the very same affidavit which Plaintiffs withdrew at the hearing after Defendants objected. Defendants object to all exhibits.

7. Moreover, the documents are utterly incompetent, even if extrinsic evidence were admissible under Rule 12(b)(6). Exhibit A is an unsworn, unauthenticated report. Exhibit B is an unauthenticated E-Mail newsletter, reporting the remarks of third parties. Exhibit C is an unauthenticated press release. Exhibit F is unauthenticated and irrelevant.

V.

## "STATE CREATED" DANGER WAS NOT CLEARLY ESTABLISHED FEDERAL LAW IN 1998

8. Even if the Fifth Circuit may recognize at some later date the "state created danger" doctrine, it is clear that in 1998 it had not done so. ***Randolph v. Cervantes***, 130 F.3d, 727, 731 (5th Cir. 1997), cert denied, 119 S.Ct. 65 (1997). *For that reason alone*, the officers are entitled to qualified immunity. ***Andrade v. Chojnack***, 65 F.Supp 2d 431, 458 (W.D. Tex. 1999) (sustaining qualified immunity defense against Branch Davidian claims of "state created danger").

9. Plaintiffs dwell on alleged violations of Harlingen Police Department Regulations and of State laws. Allegations the officers violated state laws do not defeat qualified immunity against federal claims. ***Brown v. Grabowski***, 922 F.2d 1097, 1113 (3rd Cir. 1990), cert denied, 501 U.S. 1218 (1991). The question is whether Defendants knew that their conduct violated clearly established <u>Federal</u> law.

**WHEREFORE, PREMISES CONSIDERED**, Defendants pray the Court strike Plaintiffs' Reply, deem their qualified defense immunity as admitted, dismiss the claims against the individual Defendants, and any other further relief, at law or in equity, to which they may show themselves justly entitled to.

Respectfully submitted,

By: _____
TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Admissions ID No. 5950
Texas State Bar No. 10229500
ADAMS & GRAHAM, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429
956/428-7495; FAX: 956/428-2954
Attorney-in-Charge for Defendants, CITY OF HARLINGEN, TEXAS; R.D. MOORE and JIM SCHEOPNER

WALTER J. PASSMORE
Admissions ID No. 2264
State Bar No. 15560400
PASSMORE, WALKER & TWENHAFEL, L.L.P.
P. O. Drawer 3766
McAllen, Texas 78502-3766
956/687-6225; FAX: 956/686-1276
Individual Counsel for Defendant, R.D. MOORE

ADAMS & GRAHAM, L.L.P.
UNOPPOSED MOTION TO EXTEND DEADLINE FOR DEFENDANTS FILING ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
[8]; C:\FILES\H-1023\MOTION 004

Page 4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 27th day of March 2000, to the following counsel of record and interested parties:

---

Attorney for Plaintiffs, GILBERTO M. RODRIGUEZ, et al:

| | |
|---|---|
| Mr. Michael Greenberg | VIA CMRRR# 7099 3220 0001 0357 8662 |
| **LAW OFFICES OF RICHARD PENA, P.C.** | |
| Barton Oaks Plaza Two | |
| 901 MoPac, Suite 325 | |
| Austin, Texas 78746-5747 | |

| | |
|---|---|
| Mr. Broadus A. Spivey | VIA CMRRR# 7099 3220 0001 0357 8655 |
| **SPIVEY & AINSWORTH, P.C.** | |
| 48 East Avenue | |
| Austin, Texas 78701-4320 | |

Attorney of record for Defendant, R.D. MOORE, in His Individual Capacity:

Mr. Walter J. Passmore
**PASSMORE, WALKER & TWENHAFEL, L.L.P.**
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3766
McAllen, Texas 78502-3766

TOM LOCKHART