41



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MAR 3 0 2000

Michael N. Milby,
Clerk of Court

| | |
|---|---|
| GILBERTO M. RODRIGUEZ, Individually and on Behalf of his Minor Daughter, MEGAN SUZANNE RODRIGUEZ; and STEPHEN L. WILLIAMS and Wife, ROBYN S. WILLIAMS, Surviving Beneficiaries of the Deceased | |
| V. | CIVIL ACTION NO. B-98-163 |
| CITY OF HARLINGEN, TEXAS | A JURY IS DEMANDED |
| AND | |
| R.D. MOORE AND JIM SCHEOPNER | |

**INDIVIDUAL DEFENDANTS' SECOND SUPPLEMENT
TO MOTION TO DISMISS ON QUALIFIED IMMUNITY**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants, R.D. MOORE and JIM SCHEOPNER, and file this INDIVIDUAL DEFENDANTS' SECOND SUPPLEMENT TO MOTION TO DISMISS ON QUALIFIED IMMUNITY and would show the Court as follows:

**I.**

1. In light of the Court's ruling to consider Exhibits A and C-F as part of the Reply, Defendants Moore and Scheopner submit this Supplement to their Motion to Dismiss. Under Fed.R.Civ.P. 10(c), if the attached exhibits contain allegations that defeat Plaintiffs'

claims, then the Motion to Dismiss should be granted. *General Guarantee Ins. Co. v. Parkerson*, 369 F.2d 821, 825 (5th Cir. 1966). Plaintiffs' proffered exhibits not only fail to change their critical allegations, they contain materials that made qualified immunity an unsurmountable defense.

## II.

Any Allegations in "Reply" Defeat Plaintiffs' "State Created" Danger Claim

    A.    "Reply" Fails to Change Basic Allegations That Defeat Qualified Immunity

2. Despite its length, the "Reply" fails to change the basic fact that Ernest Moore was the shooter. Plaintiffs still allege:

    a)    Detective Moore kept the rifle in a Remington rifle safe. First Amended Complaint, ¶ 21;

    b)    The Harlingen Police Department had no policy concerning safeguarding of weapons; First Amended Complaint, ¶ 20;

    c)    Detective Moore's fault lay in allowing Ernest Moore "access" to the *rifle safe*. First Amended Complaint, ¶¶ 23 and 26;

    d)    The search of Detective Moore's residence was part of a manhunt for the suspect in a violent, double homicide. First Amended Complaint, ¶ 27; and

    e)    Agents Rodriguez and Salinas voluntarily responded to a Cameron County Sheriff's call for assistance. First Amended Complaint, ¶ 28.

3. The "Reply" does not change the basic allegations in any meaningful way. At its best, the Reply and the Amended Complaint allege only that Detective Moore failed to take adequate precautions to prevent an unauthorized person from taking his rifle.

B. <u>Contents of "Reply" Defeat Plaintiffs' Claims</u>

4. If the Court chooses to treat the statements made in the attachments as allegations adopted by Plaintiffs, then the attachment defeats Plaintiffs' "State created" danger claim.

5. Exhibit A, a report by the INS, states that in the early morning hours of July 7, 1998, the Cameron County Sheriff's Department ("CCSD") took over the investigation and manhunt for Ernest Moore, a suspect in a double homicide. The report states that, sometime before 6:30 a.m., Detective Moore told a CCSD Deputy that:

    a) his son had taken *two* rifles;

    b) his son was contemplating suicide; and

    c) his son might be returning to the house to shoot us and he's a damn good shot.

This INS report then states that at 6:40 a.m. CCSD summoned the Border Patrol to assist in the manhunt and search around the Moore residence.

6. The INS report, Exhibit A, states that Border Patrol agents began arriving at the Moore residence at 6:50 a.m. It specifically states that Agents Salinas and Rodriguez voluntarily responded to the call, rather than wait to be specifically ordered.

7. Exhibit B states that, before the shooting, Detective Moore told the CCSD Officers to do "whatever it took" to get his son.

8. The "allegations" establish that the CCSD assumed operational control for the manhunt and apprehension of Ernest. It further establishes that Detective Moore made a fair and accurate statement of his knowledge to the CCSD on-site officer that his son was armed, a very good shot and may well return to his house, with the intent to cause injury. Finally, the decision of Agents Salinas and Rodriguez to appear at the scene was voluntary on their part; Defendants did not force them into harm's way.

C. *DeShaney* Is the Only Law

9. Neither the U.S. Supreme Court nor the Fifth Circuit have recognized the "State Created Danger" exception. *DeShaney v. Winnebago County Department of Social Services* 489 U.S. 189, 109 S.Ct. 998 (1989) is the controlling law of this case (just as it was in 1998).

> ". . . nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means."

*DeShaney*, 489 U.S. at 195, 109 S.Ct. at 1005. All of Plaintiffs' allegations, including the various attachments to which Defendants have objected, cannot be read to say that the individual officers, Moore and Scheopner, committed the homicide, and cannot be read to state a deprivation of a constitutional right clearly established as of July 1998. Thus,

they have failed to plead any grounds to defeat Defendants Moore and Scheopner's Qualified Immunity defense.

WHEREFORE, PREMISES CONSIDERED, Defendants pray the Court dismiss the claims against the individual Defendants, and any other further relief, at law or in equity, to which them may show themselves justly entitled.

Respectfully submitted,

By: _____
TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Admissions ID No. 5950
Texas State Bar No. 10229500
ADAMS & GRAHAM, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429
956/428-7495; FAX: 956/428-2954
Attorney-in-Charge for Defendants, CITY OF HARLINGEN, TEXAS; R.D. MOORE and JIM SCHEOPNER

WALTER J. PASSMORE
Admissions ID No. 2264
State Bar No. 15560400
PASSMORE, WALKER & TWENHAFEL, L.L.P.
P. O. Drawer 3766
McAllen, Texas 78502-3766
956/687-6225; FAX: 956/686-1276
Individual Counsel for Defendant, R.D. MOORE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 30th day of March 2000, to the following counsel of record and interested parties:

---

Attorney for Plaintiffs GILBERTO M. RODRIGUEZ, et al:

Mr. Michael Greenberg       Via Fax No. 512/327-8354 and
LAW OFFICES OF RICHARD PENA, P.C.   CMRRR# 7099 3220 0001 0357 8709
Barton Oaks Plaza Two
901 MoPac, Suite 325
Austin, Texas 78746-5747

Mr. Broadus A. Spivey      Via Fax No. 512/474-1605 and
SPIVEY & AINSWORTH, P.C.     CMRRR# 7099 3220 0001 0357 8716
48 East Avenue
Austin, Texas 78701-4320

Attorney of record for Defendant, R.D. MOORE, in His Individual Capacity:

Mr. Walter J. Passmore      Via Regular Mail
PASSMORE, WALKER & TWENHAFEL, L.L.P.
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3766
McAllen, Texas 78502-3766

Mr. Ronald (Ron) Lozano      Via CMRRR# 7099 3220 0001 0357 8723
Attorney at Law
360 East Hwy. 77, Suite 1
San Benito, TX 78586-5214

_____
TOM LOCKHART